# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | EDMOND E. CHANG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6520 | **DATE** | February 11, 2011 |
| **CASE TITLE** | Brian Buchanan (#2006-004242) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for appointment of counsel [#12] is denied for the reasons on the attached statement. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical (mental health) needs. More specifically, the plaintiff contends that he and fellow detainees in the jail's displaced psychiatric unit have been needed medication, therapeutic treatment, and programs. This matter is before the court for ruling on the plaintiff's motion for appointment of counsel.

The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

     After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Although he does allege that he is taking medication for anxiety, bi-polar disorder, and psychosis, the taking of medication for a psychiatric disorder does not necessarily establish that the plaintiff is unable to effectively litigate his claim. *Cf. Romanelli*, 615 F.3d at 853 (no reason to believe that anti-depressant medication adversely affected the ability to litigate). Significantly, neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that an attorney is necessary for effective litigation. The plaintiff, an experienced litigator in this court whose submissions to date, including the Amended Complaint itself, have been coherent and articulate, appears more than capable of presenting his case. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. It should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits, and should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

     As a final note, the plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

**STATEMENT (continued)**